UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**00 - 6069**

**CIV - DAVIS**

MOSES HOPE,

     Plaintiff,

v.

CASE NO:
Fla. Bar No: 0151467

MAGISTRATE JUDGE
**BROWN**

DAVID STRAUSS, individually
ANTHONY FERNANDEZ, individually
and the CITY OF HOLLYWOOD,
Florida municipal corporation

     Defendant.

_____/

NIGHT BOX
FILED

JAN 1 3 2000

CARLOS JUENKE
CLERK, USDC / SDFL / FTL

## NOTICE OF REMOVAL

COMES NOW, the Defendant, CITY OF HOLLYWOOD, by and through undersigned

counsel, and pursuant to 28 U.S.C. §1446 remove this action from the 17th Judicial Circuit in and

for Broward County, State of Florida, and as grounds would state:

    1.    Plaintiff has sued Defendant, CITY OF HOLLYWOOD under 42 U.S.C. §1983

for an alleged deprivation of Plaintiff civil rights.

    2.    Defendant, CITY, was served with process on January 5, 2000.

    3.    Pursuant to 28 U.S.C. §§ 1331 and 1343 (A)(3), this Court has original

jurisdiction over this action, as this action presents a "federal question" and seeks to redress the

alleged deprivation of Plaintiff's civil rights.

    4.    Pursuant to 28 U.S.C. §1441 (a) and (b) and §1443, this action is removable to

this Court. The pendent state claims are removable pursuant to 28 U.S.C. §1441(c).

    5.    A copy of all process, pleadings and orders served upon CITY are attached hereto

and made a part hereof as Exhibit "A" in accordance with 28 U.S.C. §1446(a).

6.    We have conferred with counsel for co defendants who is not opposed to the removal of this action.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. Mail this ___ day of January, 2000, to Hugh L. Koerner, Esquire, Hugh L. Koerner, P.A., 100 Southeast Sixth Street, Fort Lauderdale, FL  33301.

Respectfully submitted,

DANIEL L. ABBOTT, CITY ATTORNEY
City of Hollywood
2600 Hollywood Boulevard, Suite 407
Hollywood, Florida  33020
Telephone:  (954)  921-3435
Telecopier:  (954)  921-3081

By:_____
    Tamatha S. Alvarez
    Assistant City Attorney

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY,
FLORIDA

MOSES HOPE,

        Plaintiff,

v

DAVID STRAUSS, individually,
ANTHONY FERNANDEZ, individually,
and the CITY OF HOLLYWOOD, a
Florida Municipal corporation

        Defendants

Case No.  **99015887**

*THE HONORABLE MARA GIULIANTI MAYOR*
*MAX CAULFIELD*
*(W) #366*
*17TH JUDICIAL*

## S U M M O N S

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State

        YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition in this action on Defendant,

**To:**    **CITY OF HOLLYWOOD, by serving:**

    **THE HONORABLE MARA GIULIANTI, MAYOR**
    City of Hollywood
    2600 Hollywood Blvd
    Hollywood, FL  33022-9045

        Each Defendant is required to serve written defenses to the Complaint or Petition on HUGH L. KOERNER, P.A., Plaintiff's Attorneys, whose address is 100 Southeast 6th Street, Fort Lauderdale, Florida 33301 (954) 522-1235, within thirty (30) days after service on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

Exhibit "A"

WITNESS my hand and the Seal of said Court _____     SEP 15 1999

ROBERT E. LOCKWOOD

...... said Court

By_____

As Deputy Clerk

DEBORAH A. LEWIS

A TRUE COPY
Circuit Court Seal

_____
HUGH L. KOERNER P.A.
Attorney for Plaintiff
100 S.E. Sixth Street
Fort Lauderdale, FL 33301
(954) 522-1235
(954) 522-1176 (Fax)
Florida Bar No.: 716952

IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990 (ADA),
DISABLED PERSONS WHO, BECAUSE OF THEIR DISABILITIES, NEED SPECIAL
ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE
ADA COORDINATOR AT 201 SE 6TH STREET, ROOM 136, FORT LAUDERDALE, FL 33301,
OR TELEPHONE VOICE/TDD (954) 357-6364 NOT LATER THAN FIVE BUSINESS DAYS
PRIOR TO SUCH PROCEEDING.

2

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY,
FLORIDA

MOSES HOPE,                                    Case No.

        Plaintiff,                            **99015887**

  v.                                         # 05

DAVID STRAUSS, individually,
ANTHONY FERNANDEZ, individually,
and the CITY OF HOLLYWOOD, a
Florida Municipal corporation

        Defendants
_____/

## S U M M O N S

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint
or Petition in this action on Defendant,

**To:    CITY OF HOLLYWOOD, by serving:**

    **THE HONORABLE MARA GIULIANTI, MAYOR**
    City of Hollywood
    2600 Hollywood Blvd.
    Hollywood, FL  33022-9045

    Each Defendant is required to serve written defenses to the Complaint or Petition on HUGH
L. KOERNER, P.A., Plaintiff's Attorneys, whose address is 100 Southeast 6th Street, Fort
Lauderdale, Florida 33301 (954) 522-1235, within thirty (30) days after service on that Defendant,
exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court
either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so,
a Default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the Seal of said Court _____ SEP 15 1999

ROBERT E. LOCKWOOD

As Clerk of said Court

By_____
As Deputy Clerk

DEBORAH A. LEWIS

A TRUE COPY
with Court Seal

HUGH L. KOERNER P.A.
**Attorney for Plaintiff**
100 S.E. Sixth Street
Fort Lauderdale, FL 33301
(954) 522-1235
(954) 522-1176 (Fax)
Florida Bar No.: 716952

IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990 (ADA), DISABLED PERSONS WHO, BECAUSE OF **THEIR DISABILITIES**, NEED SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT **THE ADA COORDINATOR AT 201 SE 6TH STREET, ROOM 136, FORT LAUDERDALE, FL 33301,** OR TELEPHONE VOICE/TDD (954) 357-6364 **NOT LATER THAN FIVE BUSINESS DAYS** PRIOR TO SUCH PROCEEDING.

2

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY,
FLORIDA

MOSES HOPE,

       Plaintiff,

    v.

Case No.

**99015887**
# 05

DAVID STRAUSS, individually,
ANTHONY FERNANDEZ, individually,
and the CITY OF HOLLYWOOD, a
Florida Municipal corporation

       Defendants.

_____/

## S U M M O N S

THE STATE OF FLORIDA:

To All and Singular the Sheriffs of said State:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint
or Petition in this action on **Defendant,**

**To:**   **CITY OF HOLLYWOOD, by serving:**

    **THE HONORABLE MARA GIULIANTI, MAYOR**
    City of Hollywood
    2600 Hollywood Blvd.
    Hollywood, FL 33022-9045

    Each Defendant is required to serve written defenses to the Complaint or Petition on HUGH
L. KOERNER, P.A., Plaintiff's Attorneys, whose address is 100 Southeast 6th Street, Fort
Lauderdale, Florida 33301 (954) 522-1235, within thirty (30) days after service on that Defendant,
exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court
either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so,
a Default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the Seal of said Court _____ SEP 15 1999

ROBERT E. LOCKWOOD
As Clerk of said Court

By_____
As Deputy Clerk

DEBORAH A. LEWIS

**A TRUE COPY**
Circuit Court Seal

HUGH L. KOERNER, P.A.
Attorney for Plaintiff
100 S.E. Sixth Street
Fort Lauderdale, FL 33301
(954) 522-1235
(954) 522-1176 (Fax)
Florida Bar No.: 716952

IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990 (ADA),
DISABLED PERSONS WHO, BECAUSE OF THEIR DISABILITIES, NEED SPECIAL
ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE
ADA COORDINATOR AT 201 SE 6TH STREET, ROOM 136, FORT LAUDERDALE, FL 33301,
OR TELEPHONE VOICE/TDD (954) 357-6364 NOT LATER THAN FIVE BUSINESS DAYS
PRIOR TO SUCH PROCEEDING.

2

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY,
FLORIDA

MOSES HOPE,                                    Case No

      Plaintiff,                              **99015887**

v

DAVID STRAUSS, individually,
ANTHONY FERNANDEZ, individually,
and the CITY OF HOLLYWOOD, a
Florida Municipal corporation

      Defendants.
_____/

## COMPLAINT
## INTRODUCTORY STATEMENT

1.     This is a civil action seeking money damages against DAVID STRAUSS,

individually, for acts occurring during the course and scope of his employment as a police officer for

Defendant CITY OF HOLLYWOOD, for committing acts, under color of law, which deprived

Plaintiff of rights secured under the Constitution, laws of the United States, and the State of Florida,

and for refusing or neglecting to prevent such deprivations and denials to Plaintiff  Plaintiff alleges

that Defendant STRAUSS used or planted false evidence in an effort to obtain a conviction, in

violation of Plaintiff's Constitutional rights and the laws of the State of Florida.  Plaintiff further

alleges that it was the wide-spread custom, policy, and practice, of members of Defendant CITY OF

HOLLYWOOD's police department, to violate the notary public laws of the State of Florida, such

that law enforcement officers knew they were not required to swear to the truthfulness of official

reports, did not swear to the truthfulness of official reports, and that their official reports would

nevertheless be notarized by employees of Defendant CITY OF HOLLYWOOD as if the reports were made under oath.    Plaintiff further alleges that Defendant CITY OF HOLLYWOOD is liable for negligent supervision of its employees, insofar as the supervisory employee assigned to the supervision of Defendant STRAUSS and Defendant  FERNANDEZ failed to supervise either employee at the time of, or following Plaintiff's arrest, and use or planting of false evidence.  Plaintiff further alleges that Defendant STRAUSS and Defendant FERNANDEZ caused the commencement of criminal proceedings against Plaintiff for the offense of possession of cocaine with intent to deliver, in the absence of probable cause, by the use of false police reports and the use or planting of evidence in an effort to obtain a conviction.

2.      Plaintiff's claims are made pursuant to 42 U S C  § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.    In the event of removal of this action by the Defendants, Plaintiff hereby invokes the supplemental jurisdiction of the United States District Court to hear pendant State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a), and further invokes the jurisdiction of the United States District Court pursuant to 42 U S C  § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

3.      Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida,  and particularly  by the  provisions  of § 768 28 of the Florida Statutes.  A copy of Plaintiff's notice letter and return correspondence is attached hereto, and made a part hereof, as composite Exhibit A.

## PARTIES

4.      Plaintiff MOSES HOPE is a citizen and resident of the State of Florida.

5.      At all times referred to herein, Defendant DAVID STRAUSS [hereinafter

2

STRAUSS or Defendant STRAUSS] was employed as a police officer for Defendant CITY OF HOLLYWOOD, and was acting under color of law and in such capacity as an agent, servant, and employee of the CITY OF HOLLYWOOD, and was acting under the direction and control of Defendant CITY OF HOLLYWOOD and its police department.

6.     At all times referred to herein, Defendant ANTHONY FERNANDEZ [hereinafter FERNANDEZ or Defendant FERNANDEZ] was employed as a police officer for Defendant CITY OF HOLLYWOOD, and was acting under color of law and at the direction and control of the CITY OF HOLLYWOOD, in such capacity as an agent, servant and employee of the CITY OF HOLLYWOOD and its Police Department.

7     Defendant CITY OF HOLLYWOOD [hereinafter CITY or CITY OF HOLLYWOOD] is a Florida municipal corporation, organized and existing under the laws of the State of Florida, located in Broward County, and the Southern District of Florida.  In this cause, the CITY acted through its agents, employees, and servants, including Defendant STRAUSS,  Defendant FERNANDEZ, and others.

8     Plaintiff sues Defendant STRAUSS and Defendant FERNANDEZ in their individual capacities.

## FACTS COMMON TO ALL COUNTS

9     On September 17, 1995, Plaintiff MOSES HOPE was at or near 2247 Simms Street, in Hollywood, Florida, located in Broward County, Florida.

10.     Plaintiff was involved in a dice game as members of Defendant CITY OF HOLLYWOOD's so-called "Street Crimes Unit" patrolled the area near 2247 Simms Street in unmarked police cars.

3

11. At approximately 6:11 p.m. on September 17, 1995, Defendant STRAUSS, along with other members of the "Street Crimes Unit, exited their cars and approached Plaintiff and the dice players.

12. Plaintiff and the other dice players were informed that they were going to jail for misdemeanor loitering and gambling charges.

13. All of the players were searched, and U.S. Currency was recovered from Plaintiff's possession and placed into evidence.

14. No drugs or narcotics were recovered at the incident location.

15. Three arrestees were placed in the rear of a police car for transport to Defendant CITY OF HOLLYWOOD's police department

16. A computerized dispatch log indicates that the enforcement action at 2247 Simms Street was reported at 6:11 p.m. as "gambling".

17. A computerized dispatch log further indicates a report of a "prowler/peeping tom" at 2247 Simms Street, at 6:12 p.m.

18. The computerized dispatch log next reported that Andres Astacio, an employee of Defendant CITY OF HOLLYWOOD, was en route to the police department with three prisoners in custody, including Plaintiff, at ~ 17 p.m

19. At 6 39 p m, *after* Plaintiff's arrival at Defendant CITY OF HOLLYWOOD's police department, the computerized dispatch log reported the incident as "narcotics".

20. While in the Defendant CITY OF HOLLYWOOD police department's holding cell, Plaintiff was informed for the first time by Andres Astacio that he was being charged with possession of cocaine with intent to deliver.

4

21    Andres Astacio advised Plaintiff, along with his co-arrestees, that he located cocaine in the rear seat of his police car, upon the removal of Plaintiff and his co-arrestees at Defendant CITY OF HOLLYWOOD's police department.

22    Andres Astacio knew that prior to entering the police car for transport, co-arrestee Clarence Mathis asked to be removed from the rear of the police car because he lacked sufficient room to sit comfortably in the back seat, between co-arrestees Edward Norris and Larry Medlock.

23    Andres Astacio knew that Clarence Mathis was thereafter removed from the rear of the police car, and Plaintiff was substituted in his place.

24    Following the discovery that cocaine was recovered from the rear of the police car previously occupied by a total of four (4) arrestees, Defendant FERNANDEZ prepared a probable cause containing false statements and material omissions.

25    The false statements and material omissions contained in Defendant FERNANDEZ' probable cause affidavit included false allegations that Defendant FERNANDEZ observed Plaintiff retrieve cocaine rocks from a location near the base of a tree and, and engage in drug sales, prior to the "Street Crimes Unit's" enforcement action.

26    The false statements and material omissions contained in Defendant FERNANDEZ' probable cause affidavit included false allegations that Defendant FERNANDEZ, from a concealed location, directed Defendant STRAUSS to the location near the base of a tree where Plaintiff allegedly concealed cocaine rocks for the purpose of engaging in additional drug sales.

27    The false statements and material omissions contained in Defendant FERNANDEZ' probable cause affidavit included the material omission that no cocaine was actually

5

reported discovered until Andres Astacio alleged that he found cocaine in the rear seat of the police car he used to transport Plaintiff and two other prisoners, and which had been previously occupied by Clarence Mathis, prior to Clarence Mathis complaining that he lacked sufficient room, resulting in Plaintiff being substituted for Clarence Mathis in the rear of the car.

      28    The false statements and material omissions contained in Defendant STRAUSS' official report included the same false statements and material omissions contained in Defendant FERNANDEZ' reports, as set forth above.

      29.    At all times material hereto, Defendant CITY OF HOLLYWOOD had a custom, policy, and practice of submitting incident reports to prosecuting authorities for case filing determination of criminal charges, accompanied by a notarized affidavit of the writer of the report attesting to the truthfulness of the contents of the report, when in reality, the affidavits attesting to the truthfulness of the reports were prepared in advance of any arrest and were affixed to the report by clerical employees on an as needed basis, for submission to prosecuting authorities.

      30.    The false statements and material omissions contained in Defendant STRAUSS' official report were made by Defendant STRAUSS with the knowledge that a notary affidavit would be affixed to his report by clerical employees of Defendant CITY OF HOLLYWOOD without the requirement that Defendant STRAUSS swear under oath to the truthfulness of his report.

      31    At all times material hereto, Sergeant Jeffrey A. Marano was in a supervisory position while a member of Defendant CITY of HOLLYWOOD Police Department's "Street Crimes Unit", and was responsible for the supervision of Defendant STRAUSS, Defendant FERNANDEZ, and others.

      32.    Sergeant Jeffrey A. Marano was present at the time of Plaintiff's arrest, and

6

personally performed the responsibility of physically detaining Plaintiff at the time members of the "Street Crimes Unit" raided the dice game.

33. Sergeant Jeffrey A. Marano failed to instruct, supervise, and control Defendants STRAUSS, and Defendant FERNANDEZ, or both, from the use or planting of false evidence in an effort to obtain a conviction, following Plaintiff's arrest.

34. Sergeant Jeffrey A. Marano was aware that no cocaine was recovered by Defendant STRAUSS at the location of Plaintiff's arrest.

35. Sergeant Jeffrey A. Marano failed to instruct, supervise, and control Defendants STRAUSS, and Defendant FERNANDEZ, from submitting falsified official reports, falsely asserting that two cocaine rocks were recovered by Defendant STRAUSS at the arrest location.

36. Sergeant Jeffrey A. Marano systemically failed to review and sign the sworn police reports of his subordinates, including Defendant STRAUSS and Defendant FERNANDEZ, contrary to his responsibilities as a supervisory employee of Defendant CITY OF HOLLYWOOD's police department

37. The official reports of Defendant STRAUSS and Defendant FERNANDEZ, as set forth above, were forwarded to the Broward County State Attorney's office case filing unit, for the institution of criminal proceedings against Plaintiff for the offense of possession of cocaine with intent to deliver.

38. The two (2) cocaine rocks allegedly located by Defendant STRAUSS were forwarded to the Broward County Sheriff's Crime Laboratory , where they were tested by a forensic chemist and determined to contain cocaine.   The results of the tests were forwarded to the Broward

7

County State Attorney's office case filing unit, which thereupon, in conjunction with the false reports of Defendant STRAUSS and Defendant FERNANDEZ, instituted criminal proceedings against Plaintiff for the offense of possession of cocaine with intent to deliver

39.    Following an investigation by the Broward County State Attorney's Office Public Corruptions Unit, Plaintiff passed a polygraph examination, and the charge of possession of cocaine with intent to distribute was nolle prosequied

40.    The conduct of Defendant STRAUSS and Defendant FERNANDEZ, and the other members of Defendant CITY OF HOLLYWOOD's police department, as set forth herein, occurred under color of state law.

## CAUSES OF ACTION

### COUNT I
### CONSTITUTIONAL CLAIMS AGAINST DEFENDANT STRAUSS, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant STRAUSS, individually, in Count I, Plaintiff states:

41.    Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 40.

42.    The conduct of Defendant STRAUSS towards Plaintiff was objectively unreasonable and undertaken in deliberate indifference to Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983, to be free from the use of false or planted evidence in an effort to obtain a criminal conviction.

43.    Defendant STRAUSS knew that the allegations set forth in his official reports were false, and that the cocaine recovered by Defendant STRAUSS was actually obtained, if at all, from the rear seat of the police car used to transport Edward Norris, Plaintiff, and Larry Medlock,

8

and from which Clarence Mathis had asked to be removed, and was replaced with Plaintiff.

44.    As a direct and proximate result of the conduct of Defendant STRAUSS, in violation of 42 U.S.C. § 1983, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

45.    As a further direct and proximate result of the conduct of Defendant STRAUSS, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

a.    Judgment for compensatory damages in excess of $ 15,000 dollars;

b.    Judgment for exemplary damages;

c.    Cost of suit;

d.    Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

e.    Trial by jury as to all issues so triable; and

f.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## CUSTOM, POLICY AND PRACTICE CLAIM AGAINST DEFENDANT CITY OF HOLLYWOOD, COGNIZABLE UNDER 42 U.S.C. § 1983

For his cause of action against Defendant CITY OF HOLLYWOOD, in Count II, Plaintiff states:

46.    Plaintiff realleges and adopts, as if fully set forth in Count II, the allegations

9

of paragraphs 1 through 40.

47.    At all times relevant to this Complaint, and prior to Plaintiff's arrest, it was the wide-spread custom, policy, and practice, of members of Defendant **CITY OF HOLLYWOOD**'s police department, acting under the direction and control of Defendant CITY OF HOLLYWOOD, and pursuant to either official policy or the practice, custom, and usage of Defendant CITY OF HOLLYWOOD, to violate the notary public laws of the State of Florida, such that law enforcement officers knew they were not required to swear to the truthfulness of official reports, did not swear to the truthfulness of official reports, and that their official reports would nevertheless be notarized by employees of Defendant CITY OF HOLLYWOOD as if the reports were made under oath.

48.    Prior to the incident involving Plaintiff, Defendant CITY OF HOLLYWOOD knew or should have known of the wide-spread practice of its employees violating the notary public laws of the State of Florida, and of supervisors failing to review the unsworn reports of their subordinates.    Defendant CITY OF HOLLYWOOD failed to implement policies designed to eliminate the practice, or otherwise discipline those who violated the law.  If Defendant CITY OF HOLLYWOOD had implemented and enforced procedures designed to prevent the problems set forth herein, including but not limited to the discipline of employees who failed to follow the notary public laws, the use of false or planted evidence in an effort to obtain a criminal conviction would have been prevented.

49.    Acting under color of state law, and pursuant to official policy or custom and practice, Defendant CITY OF HOLLYWOOD intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants of Broward County, failed to instruct, control, supervise its employees, including notary publics assigned to the case filing unit, and members of the so-called

10

"Street Crimes Unit," with regards to the integrity of official reports, and including the use or planting of evidence in an effort to obtain a criminal conviction.

      50.      The policy-makers of Defendant CITY OF HOLLYWOOD had knowledge of or, had they diligently exercised their duties to instruct, supervise, control, and implement procedures on a continuing basis, should have had knowledge of the wrongs that were done, as heretofore alleged, or other unlawful or unconstitutional acts that were going to be committed. Defendant CITY OF HOLLYWOOD had the power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly, or with deliberate indifference to the rights of the inhabitants of Broward County, failed or refused to do so, thereby condoning and encouraging other unlawful and dishonest conduct, including the use or planting of false evidence in an effort to obtain a conviction.

      51.      The policy-makers of Defendant CITY OF HOLLYWOOD directly or indirectly, under color of state law, approved or ratified the unlawful and deliberately indifferent conduct of its employees, including Defendant STRAUSS, Defendant FERNANDEZ, and others, heretofore described.

      52.      As a direct and proximate result of the acts described above in violation of 42 U.S.C. § 1983, Plaintiff suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

      53.      As a further direct and proximate result of the conduct of Defendant CITY OF HOLLYWOOD, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, and medical care and treatment, loss of earnings, loss of ability to earn money, and

aggravation of a previously existing condition. The losses are either permanent or continuing and

plaintiff will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also

agreed to pay the undersigned a reasonable fee for his services herein.

        WHEREFORE, Plaintiff prays:

              a.      Judgment for compensatory damages in excess of $ 15,000 dollars;

              b.      Cost of suit;

              c.      Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

              d.      Trial by jury as to all issues so triable; and

              e.      Such other relief as this Honorable Court may deem just and

appropriate

## COUNT III
## NEGLIGENT SUPERVISION CLAIM AGAINST DEFENDANT
## CITY OF HOLLYWOOD

For Plaintiff's cause of action against Defendant CITY OF HOLLYWOOD in Count III, Plaintiff

states:

        54.      Plaintiff realleges and adopts, as if fully set forth in Count III, the allegations

of paragraphs 1 through 40.

        55      Defendant CITY OF HOLLYWOOD assigned supervisory personal, including

police sergeants, and other command rank employees, for purposes of supervising and directing the

members of its "Street Crimes Unit."

        56.      Sergeant Jeffrey A. Marano was responsible for the supervision of those

employees of Defendant CITY OF HOLLYWOOD's police department involved in the arrest and

detention of Plaintiff.

57.    Sergeant Jeffrey A. Marano was present at the time of Plaintiff's arrest, and personally performed the responsibility of physically detaining Plaintiff at the time members of the "Street Crimes Unit" raided the dice game.

58.    Sergeant Jeffrey A. Marano had a duty to supervise subordinates in the course of their duties, including Defendant STRAUSS, Defendant FERNANDEZ, and others.

59.    Sergeant Jeffrey A. Marano negligently failed to instruct, supervise, and control Defendants STRAUSS, and Defendant FERNANDEZ, or both, in the performance of their duties, to refrain from the use or planting false evidence in an effort to obtain a conviction.

60.    Sergeant Jeffrey A. Marano knew, or in the exercise of reasonable diligence should have known, that no cocaine was located by Defendant STRAUSS at the location of Plaintiff's arrest.

61.    Additionally and alternatively, Sergeant Jeffrey A. Marano negligently failed to instruct, supervise, and control Defendants STRAUSS, and Defendant FERNANDEZ, or both, in the performance of their duties, to refrain from the preparation of falsified official reports.

62.    Sergeant Jeffrey A. Marano systemically failed to review and initial the sworn police reports of his subordinates, including Defendant STRAUSS and Defendant FERNANDEZ. If Sergeant Jeffrey A. Marano reviewed and signed the sworn official reports of his subordinates, including Defendant STRAUSS and Defendant FERNANDEZ, he would have known the police reports of Defendants STRAUSS and Defendant FERNANDEZ, were false, and that Defendant STRAUSS, and Defendant FERNANDEZ, or both, used or planted false evidence in an effort to obtain a conviction.

63.    The negligent conduct of Sergeant Jeffrey A. Marano, as set forth herein, was

13

committed in the course and scope of his employment as a supervisory employee for Defendant CITY

OF HOLLYWOOD's police department.

64.    As a direct and proximate result of the acts described above, Plaintiff has

suffered grievously, has been brought into public scandal, and with great humiliation, mental

suffering, and damaged reputation.

65.    As a further direct and proximate result of the conduct of Defendant CITY OF

HOLLYWOOD, Plaintiff suffered loss of his liberty and freedom, bodily injury and resulting pain and

suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense

of hospitalization, and medical care and treatment, loss of earnings, loss of ability to earn money, and

aggravation of a previously existing condition. The losses are either permanent or continuing and

plaintiff will suffer the losses in the future, in violation of Plaintiff's rights.

WHEREFORE, Plaintiff prays:

a.    Judgment for compensatory damages in excess of $ 15,000 dollars;

b.    Cost of suit;

c.    Trial by jury as to all issues so triable; and

d.    Such other relief as this Honorable Court may deem just and

appropriate.

## COUNT IV
## MALICIOUS PROSECUTION CLAIM
## AGAINST DEFENDANT FERNANDEZ, INDIVIDUALLY

For his cause of action against Defendant FERNANDEZ, individually, in Count IV, Plaintiff states:

66.    Plaintiff realleges and adopts, as if fully set forth in Count IV, the allegations

of paragraphs 1 through 40.

14

67.    Defendant FERNANDEZ caused felony criminal proceedings to be instituted against Plaintiff with malice and without probable cause by causing police reports to be submitted to prosecuting authorities containing false statements and/or materials omissions, which reports were relied upon by prosecuting authorities.

68.    Alternatively, Defendant FERNANDEZ caused criminal proceedings to continue against Plaintiff with malice and without probable cause by failing to promptly disclose exculpatory and impeachment material to prosecuting authorities, including but not limited to the use of false or planted evidence in an effort to obtain a conviction.

69.    The criminal proceedings instituted or continued as a result of the conduct of Defendant FERNANDEZ reached a bona fide resolution in Plaintiff's favor.

70.    As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

71.    As a further direct and proximate result of the conduct of Defendant FERNANDEZ, Plaintiff suffered mental anguish, loss of capacity for the enjoyment of life, and loss of his liberty and freedom, in violation of Plaintiff's rights. Plaintiff's injuries are either permanent or continuing in their nature and Plaintiff will suffer the losses and impairment in the future. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

a.    Judgment for compensatory damages in excess of $ 15,000 dollars;

b.    Cost of suit;

c.    Trial by jury as to all issues so triable; and

15

d.    Such other relief as this Honorable Court may deem just and appropriate.

## COUNT V
## MALICIOUS PROSECUTION CLAIM
## AGAINST DEFENDANT STRAUSS, INDIVIDUALLY

For his cause of action against Defendant STRAUSS, individually, in Count V, Plaintiff states:

72.    Plaintiff realleges and adopts, as if fully set forth in Count V, the allegations of paragraphs 1 through 40.

73    Defendant STRAUSS caused criminal proceedings to be instituted against Plaintiff with malice and without probable cause by causing police reports to be submitted to prosecuting authorities containing false statements and/or materials omissions, which reports were relied upon by prosecuting authorities.

74.    Alternatively, Defendant STRAUSS caused criminal proceedings to *continue* against Plaintiff with malice and without probable cause by failing to promptly disclose exculpatory and impeachment material to prosecuting authorities, including but not limited to the use of false or planted evidence in an effort to obtain a conviction.

75.    The criminal proceedings instituted or continued as a result of the conduct of Defendant STRAUSS reached a bona fide resolution in Plaintiff's favor.

76.    As a direct and proximate result of the acts described above, Plaintiff has suffered grievously, has been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation.

77.    As a further direct and proximate result of the conduct of Defendant STRAUSS, Plaintiff suffered mental anguish, loss of capacity for the enjoyment of life, and loss of

16

his liberty and freedom, in violation of Plaintiff's rights. Plaintiff's injuries are either permanent or continuing in their nature and Plaintiff will suffer the losses and impairment in the future. Plaintiff has also agreed to pay the undersigned a reasonable fee for his services herein.

WHEREFORE, Plaintiff prays:

a. Judgment for compensatory damages in excess of $ 15,000 dollars;

b. Cost of suit;

c. Trial by jury as to all issues so triable; and

d. Such other relief as this Honorable Court may deem just and appropriate.

### DEMAND FOR JURY TRIAL

78. Plaintiff demands trial by jury on all issues so triable as of right.

Respectfully submitted,

HUGH L. KOERNER, P.A.
Attorney for Plaintiff
100 S.E. Sixth Street
Fort Lauderdale, FL 33301
(954) 522-1235
(954) 522-1176 (Fax)

By_____
Hugh L. Koerner
Florida Bar No. 716952

LAW OFFICES

# HUGH L. KOERNER, P.A.



EXHIBIT "A"

100 Southeast Sixth Street
FORT LAUDERDALE, FLORIDA 33301
— — — — — — —
TELEPHONE: (305) 522-1235
FACSIMILE: (305) 522-1176

September 1, 1997

## CERTIFIED MAIL RETURN RECEIPT # P 459 684 005

The Honorable Mara Giulianti, Mayor
City of Hollywood
2600 Hollywood Blvd.
Hollywood, FL  33022-9045

## NOTICE OF CLAIM PURSUANT TO § 768.28

Re:   Claimant:             Moses Bryant Hope
       Date of Loss:       September 17, 1995
       Incident Location:   2247 Simms Street, Hollywood, Florida
       Incident Report #:   HW95-119747

Dear Mayor Giulianti:

Please be advised that I represent claimant Moses Bryant Hope.  The purpose of this correspondence is to serve notice of claim against the City of Hollywood, pursuant to the requirements of § 768.28 of the Florida Statutes.

Moses Bryant Hope was born on December 27, 1966, in Hollywood, Florida.  Mr. Hope's Social Security Number is 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.  The claimant has no prior adjudicated unpaid claims in excess of two hundred ($200.00) dollars owed to the State, or any of its agencies officers, or subdivisions.

## Statement of claim

On September 17, 1995, claimant was at 2247 Simms Street, Hollywood, Florida, when he was placed under arrest for gambling/loitering.  Several other individuals were placed under arrest on related charges.

Three of the arrested persons were placed in the rear of a City of Hollywood police car for transport to the City of Hollywood Police Department.  When one of the arrested persons complained that the back seat of the police car was crowded, he was removed, and replaced by claimant.

At the City of Hollywood Police Department, the transport officer advised that he located

The Honorable Mara Giulianti, Mayor
September 1, 1997
**Page 2**

cocaine in the rear of the police car-- in the general area were Claimant replaced the other individual removed from the car. Claimant was subsequently charged with possession of cocaine.

Officer Anthony Fernandez and Officer David Strauss each prepared supplemental police reports relied upon by the State Attorneys Office to support the criminal prosecution of claimant for possession of cocaine. The contents of the supplemental police reports were not truthful.

The supplemental police reports prepared by Anthony Fernandez and David Strauss were forwarded to the State Attorney's Office accompanied by pre-sworn affidavits of Anthony Fernandez and David Strauss. Contrary to Florida law, the pre-sworn affidavits bear the notary seal and signature of Kathleen Skinner, an employee of the City of Hollywood.

Claimant subsequently passed a polygraph examination regarding his actions on September 17, 1995. As a result, all charges against claimant were nolle prosequied.

The prosecution of claimant for possession of cocaine was instituted in the absence of probable cause, and in violation of the claimant's clearly established constitutional rights. The claimant's causes of action include, but are not limited to, civil rights and state tort claims for false arrest, false imprisonment, negligent hiring and retention, malicious prosecution, failure to disclose exculpatory evidence, conspiracy to violate civil rights, and notary law violations. Claimant's damages exceed one hundred thousand ($100,000.00) dollars.

Very truly yours,

Hugh L. Koerner

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write 'Return Receipt Requested' on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

*I also wish to receive the*

Thank you for using Return Receipt Service.

**3. Article Addressed to:**

The Honorable Mara Giulianti, Mayor
City of Hollywood
2600 Hollywood Blvd.
Hollywood, FL 33022-9045

**4a. Article Number**

P 459 684 005

**4b. Service Type**

☐ Registered          ☒ Certified
☐ Express Mail        ☐ Insured
☐ Return Receipt for Merchandise  ☐ COD

**7. Date of Delivery**

6 3 9

**5. Received By:** *(Print Name)*

**8. Addressee's Address** *(Only if requested and fee is paid)*

**6. Signature:** *(Addressee or Agent)*

X

PS Form 3811, December 1994                    Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

JS 44
(Rev. 12 95)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974 is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

MAGISTRATE JUDGE

**I.(a) PLAINTIFFS**

MOSES HOPE ,

## 00-6069 CIV-DAVIS

BROWN

**DEFENDANTS**

DAVID STRAUSS, INDIVIDUALLY, ANTHONY FERNANDEZ, INDIVIDUALLY and the CITY OF HOLLYWOOD,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Broward
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Broward
(IN U.S. PLAINTIFF CASES ONLY)

NIGHT FILED

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

CATA -NORTH -6069 DAVIS/

JAN 13 2000

CARLOS JUENKE

CLERK USDC/SDFL/FTL

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Hugh L. Koerner, Esquire
100 Southeast Sixth Street, Ft. Lauderdale, FL

ATTORNEYS (IF KNOWN)

Ramatha S. Alvarez, Esquire
2600 Hollywood Blvd., RM 407, Hollywood, FL

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALMBEACH, MARTIN, ST LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only) |
|---|---|

II. BASIS OF JURISDICTION

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions A OR B |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

LENGTH OF TRIAL
via 3 days estimated (for both sides to try entire case)

### 42 U.S.C. Sect. 1983 civil rights action

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions)

JUDGE

DOCKET NUMBER

DATE  1/3/00

SIGNATURE OF ATTORNEY OF RECORD   01-14-00

FOR OFFICE USE ONLY

RECEIPT #  518302   AMOUNT $150.00   APPLYING IFP   JUDGE   MAG. JUDGE