UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6069-CIV-DAVIS

MOSES HOPE,

    Plaintiff,

vs.

DAVID STRAUSS, individually,
ANTHONY FERNANDEZ, individually,
and the CITY OF HOLLYWOOD, a
Florida municipal corporation,

    Defendants.
_____/

## ANSWER/AFFIRMATIVE DEFENSES
## (DEFENDANT FERNANDEZ)

The Defendant, ANTHONY FERNANDEZ, through his undersigned attorneys, files this his Answer/Affirmative Defenses to the Complaint and in support thereof would state as follows:

### INTRODUCTORY STATEMENT

1. Denied.

2. Denied.

3. Without knowledge and strict proof thereof is demanded.

### PARTIES

4. Admitted.

5. Admitted.

6. Admitted.

1

7. It is admitted that the Defendant CITY is a Florida municipal corporation. All of the rest and remainder of the allegations as contained in Paragraph 7 are denied and strict proof thereof is demanded.

8. Without knowledge and strict proof thereof is demanded.

## FACTS COMMON TO ALL COUNTS

9. Admitted.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Admitted.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. It is admitted that the named individual was a City of Hollywood police officer, with some supervisory responsibilities, but all of the rest and remainder of the allegations as contained in Paragraph 31 are denied and strict proof thereof is demanded.

32. Admitted.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. It is admitted that the described reports were forwarded to and received by the Office of the State Attorney, 17th Judicial Circuit, Broward County, Florida, for determination of whether the offenses for which Plaintiff, Moses Hope, was arrested or to be the subject of a criminal prosecution.

38. Admitted.

39. Neither admitted nor denied. The allegation as contained in Paragraph 39 is properly stricken pursuant to Rule 12(F) of the Federal Rules of Civil Procedure as containing impertinent or scandalous matters. It is admitted that the described criminal prosecution was resolved in favor of the Plaintiff, Moses Hope.

40. While denying the conduct allegedly attributed to them, the Defendants admit that their actions occurred under color of state law.

## CAUSES OF ACTION

### COUNT I

### CONSTITUTIONAL CLAIMS AGAINST DEFENDANT STRAUSS, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C.. §1983

41-45. The Defendant FERNANDEZ files no response to the allegations as contained in Paragraphs 41-45 as Count I does not seek to obtain relief as against him.

### COUNT II

### CUSTOM, POLICY AND PRACTICE CLAIM AGAINST DEFENDANT, CITY OF HOLLYWOOD, COGNIZABLE UNDER 42 U.S.C. §1983

46-53. The Defendant FERNANDEZ files no response to the allegations as contained in Paragraphs 46-53 as Count II does not seek to obtain relief as against him.

### COUNT III

### NEGLIGENT SUPERVISION CLAIM AGAINST DEFENDANT, CITY OF HOLLYWOOD

54-65. The Defendant FERNANDEZ files no response to the allegations as contained in Paragraphs 54-65 as Count III does not seek to obtain relief as against him.

### COUNT IV

### MALICIOUS PROSECUTION CLAIM AGAINST DEFENDANT FERNANDEZ, INDIVIDUALLY

66. Admitted.

67. Denied.

68. Denied.

4

69. It is admitted that the criminal proceedings against Plaintiff were resolved in Plaintiff's favor; any and all other allegations as contained in Paragraph 69 are denied.

70. Denied.

71. Denied.

## COUNT IV

## MALICIOUS PROSECUTION CLAIM AGAINST DEFENDANT STRAUSS, INDIVIDUALLY

72-77. The Defendant FERNANDEZ files no response to the allegations as contained in Paragraphs 72-77 as Count IV does not seek to obtain relief as against him.

## GENERAL DENIAL

78. Any and all allegations to which a specific response has not previously been provided is herein denied and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

I. As a first and separate Affirmative Defense, the Defendant FERNANDEZ would assert that any and all injuries suffered by Plaintiff were caused in whole or in part by reason of Plaintiff's own wrongful acts and conduct, as a consequence of which the Plaintiff is not entitled to recovery or the recovery is reduced in direct proportion thereto.

II. As a second and separate Affirmative Defense, the Defendant FERNANDEZ would assert that any and all actions taken by him in connection with this matter at all times were taken:

    a. without malice;

    b. with probable cause;

      c. with such force as was reasonable and necessary under the circumstances;

      d. in pursuit of lawful and legal duties;

      e. in self-defense or defense of others.

III. As a third and separate Affirmative Defense, to the extent that they are being sued individually pursuant to Title 42 U.S.C. §1983, the Defendant FERNANDEZ would assert that he is entitled to the defense of qualified immunity in that he, at no time, acted in derogation of any Plaintiff's clearly established civil rights of which a reasonable police officer would have had knowledge and otherwise acted, at all times, in good faith.

IV. As a fourth and separate Affirmative Defense, as to the state tort claims, the Defendant FERNANDEZ would invoke the protections, privileges and immunities as provided to him as contained in Section 768.28, Florida Statutes (1993).

V. As a fifth and separate Affirmative Defense, the Defendant FERNANDEZ would assert that any and all injuries or damages suffered by Plaintiff were caused in whole or in part by reason of the wrongful acts of others over which this Defendant had no control or responsibility to control.

VI. As a sixth and separate Defense, the Defendant FERNANDEZ would assert that he is entitled to a set off for any collateral sources of compensation for Plaintiff's alleged injuries and/or damages.

### DEMAND FOR TRIAL BY JURY

The Defendant, FERNANDEZ, hereby demands trial by jury on all issues so triable.

**I HEREBY CERTIFY** that a copy of the foregoing was mailed this 19th day of January, 2000, to: HUGH L. KOERNER, Esquire, attorney for Plaintiff, 100 S.E. 6th Street, Fort Lauderdale, Florida 33301; and DANIEL L. ABBOTT, City Attorney, 2600 Hollywood Boulevard, Room 407, Hollywood, Florida 33020.

          PURDY, JOLLY & GIUFFREDA, P.A.
          Attorneys for Defendant STRAUSS
          1322 S.E. Third Avenue
          Fort Lauderdale, Florida 33316
          Telephone (954) 462-3200

BY _____
       BRUCE W. JOLLY
       Fla. Bar No. 203637