UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MOSES HOPE,

     Plaintiff,

v.

DAVIS STRAUSS, individually,
ANTHONY FERNANDEZ, individually,
And the CITY OF HOLLYWOOD, a
Florida Municipal Corporation,

     Defendants.

Case No. 00-6069

Civ - DAVIS

Magistrate Judge Brown

_____

## CITY OF HOLLYWOOD'S MOTION TO DISMISS

COMES NOW, the CITY OF HOLLYWOOD ("Hollywood"), by and through its undersigned attorneys, and files this Motion to Dismiss, and in support thereof states:

1.     Plaintiff filed a complaint against the City of Hollywood on September 15, 1999, alleging claims against Hollywood and two of its police officers.

2.     The summons and complaint were served on Hollywood on January 5, 2000.

3.     This action was removed to Federal Court on January 13, 2000.

4.     Hollywood is seeking dismissal of Count II entitled Custom, Policy and Practice Claim Against Defendant City of Hollywood, Cognizable Under 42 U.S.C.A. §1983.

5.     This Court should dismiss Count II as Plaintiff has failed to allege an official custom or policy of Hollywood was the proximate cause of Plaintiff's damages.

NON COMPLIANCE OF S.D. fla. L.R. 7 1 A 4

1

6.      Hollywood is seeking dismissal of Count III entitled <u>Negligent Supervision Claim Against Defendant City of Hollywood</u>.

7.      This Court should dismiss Count II as Plaintiff has failed to allege a cause of action against Hollywood for the negligent supervision by Sergeant Marano of Officers Strauss and Fernandez.

## MEMORANDUM OF LAW

### I.      Liability Under 42 U.S.C.A. §1983

According to <u>Monell v. Department of Social Services of the City of New York</u>, 436 U.S. 658 (1978), a government entity is not liable under §1983 unless the official policy or custom of the governmental entity is the proximate cause of the constitutional violation.  Plaintiff claims that Hollywood had a policy whereby police officers were not required to swear to the truthfulness of official reports and this policy was the proximate cause of his injuries.  But Plaintiff has failed to explain how this is true.  He has made no allegations that Hollywood's policy of not requiring police officers to swear to the truthfulness of the reports was the proximate cause of his injury.

Plaintiff's only allegation of proximate cause can be found in paragraph 48 of the Complaint which states in part,

> "If Defendant City of Hollywood had implemented and enforced procedures designed to prevent the problems set forth herein, including but not limited to the discipline of employees who failed to follow the notary public laws, the use of false or planted evidence in an effort to obtain a criminal conviction would have been prevented."

This allegation of proximate cause is conclusory at best.  There are no allegations that Officer Fernandez had a history of violating the notary public laws or planting

evidence. Intuitively, there is no basis for this cause of action. Officer Fernandez was even interviewed by the State Attorney's Office in connection with this incident and swore that the information in the report was true.

Moreover, Plaintiff's allegations do not pass the "but for" test. One **could not** say, "But for the policy of not swearing to the truthfulness of the report, Plaintiff would not have been arrested." Because, in fact, Plaintiff would still have been arrested. Plaintiff has merely alleged that the information contained in the report was false. There is no connection between the information contained in the report and the swearing to the truthfulness of the information. The alleged negligence of Hollywood, for failing to swear to the official reports, could not have been a proximate cause of the alleged injuries of the Plaintiff.

## II.    Claim of Negligent Supervision

Plaintiff claims that Hollywood is liable for the negligent supervision by Sergeant Marano of Officers Strauss and Fernandez. More specifically, Plaintiff alleges that Sergeant Marano failed to supervise the officers when evidence was allegedly planted and when reports were allegedly falsified.

If, in fact, evidence was planted and reports were falsified, said actions were, by definition, done in bad faith or with malicious purpose. According to §768.28, Florida Statutes, a municipality is not liable for the actions of its employees "unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property."

Courts have not permitted plaintiffs to circumvent the rule that governments are not responsible in tort for the malicious actions of government employees by simply

alleging that the government "negligently supervised" the employee.  For instance, in the analogous cases of claims made under the Federal Tort Claims Act (which shields the federal government form liability from intentional torts), the Supreme Court has held that the government may be liable for negligence which is "entirely independent of (the intentional tortfeasor's) employment status".  Sheridan v. United States, 487 U.S. 392, 397, 108 S.Ct. 2449, 2453, 101 L.Ed. 2d 352, (1988).  Accordingly, when three naval corpsmen found a fellow employee face down in a drunken stupor on the floor of a naval hospital, yet allowed the employee to leave the hospital with a weapon in his possession, the intentional tort exception did not apply because the employment status of the intentional tortfeasor "ha(d) nothing to do with the basis for imposing liability on the Government."  Id.  However, the court made clear that "If the allegation is that the Government was negligent in the supervision or selection of the employee and that the intentional tort occurred as a result, the intentional tort exception of §2680(h) bars the claim.  Otherwise litigants could avoid the substance of the exception because it is likely that many, if not all, intentional torts of Government employees plausibly could be ascribed to the negligence of the tortfeasor's supervisors.  To allow such claims would frustrate the purpose of the exception."  Sheridan, 487 U.S. at 406-7 (Kennedy, concurring).

Relying upon Sheridan, courts have not permitted "negligent supervision" claims (which are not "independent" of the intentional tortfeasor) to circumvent the intentional tort exception.  For instance, in Guccione v. United States, 878 F.2d 32 (2nd Cir. 1989), a claim of negligent supervision was brought against the United States under the Federal Tort Claims Act for failing to supervise a government agent who committed an

intentional tort. The court concluded that any negligent supervision was not independent of the relationship between the agent and the United States. The agent would not have been supervised had he not been carrying out governmental objectives. Therefore, the plaintiff encountered the problem of getting around the intentional tort exception and his claim was dismissed. See also <u>Medrano v. City of Pearsall,</u> 989 S.W. 2d 141 (Tx.App.-- San Antonio 1999) (affirming dismissal of claim against the city where Plaintiff attempted to circumvent the intentional tort exception by merely alleging negligent supervision).

Although <u>Guccione</u> applies federal law, the same analysis can be used to apply Florida state law. Officers Fernandez and Strauss were within the course and scope of their employment as police officers at the time of the alleged incident carrying out official police business. Sergeant Marano's only duty was to exercise reasonable care in the supervision of his subordinates. Any negligent supervision on the part of Sergeant Marano was not completely independent of the officers employment status. Sergeant Marano would not have been supervising the officers had they not been carrying out official police business.

It appears that Plaintiff's is attempting to do just this. His claim of negligent supervision is an attempt to circumvent the intentional tort exception of §768.28.

Additionally, Plaintiff has failed to allege that Hollywood was on notice of the propensity of the officers to commit such acts. <u>Willis v. Dade County School Board,</u> 411 So.2d 245 (Fla. 3rd DCA 1982) (finding that a claim for negligent supervision against the school board would not hold up absent evidence that the school board was on notice of

the harmful propensities of its employees).  Plaintiff merely offers the following conclusory allegations:

1.    Sergeant Marano negligently failed to instruct, supervise and control Officers Fernandez and Strauss with respect to planting false evidence and to refrain from preparing false documents;  (See Complaint, paragraphs 59 and 61).

2.    Sergeant Marano systematically failed to review and initial the sworn police reports of his subordinates.  (See Complaint, paragraph 62).

Plaintiff does not state facts indicating that the officers had committed past offenses that the City should have detected.  See Johnson v. United States, 788 F.2d 845 (2nd Cir. 1986) (affirmed a dismissal of a claim brought under the Federal Tort Claims Act for failing to provide a factual basis for conclusory allegation).  One can very easily conclude that Plaintiff has not alleged facts supporting the conclusion that his negligence claim represents a "belief formed after an inquiry reasonable under the circumstances [that] the allegations and other factual contentions have evidentiary support" as required by Fed.R.Civ.P. 11.

WHEREFORE, the City of Hollywood respectfully requests that this Honorable Court dismiss Counts II and III of Plaintiff's Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 24th day of January 2000 to Hugh L. Koerner, Esquire, 100 SE 6th St., Ft.

Lauderdale, FL 33301 and Brucy Jolly, Esquire, Purdy, Jolly & Guiffreda, 1322 S.E.

Third Ave., Ft. Lauderdale, FL 33316.

Respectfully submitted,

DANIEL L. ABBOTT, CITY ATTORNEY
City of Hollywood
2600 Hollywood Boulevard, Suite 407
Hollywood, Florida 33020
Telephone: (954) 921-3435
Telecopier: (954) 921-3081

By: _____
        Tamatha S. Alvarez
        Assistant City Attorney
        Fla. Bar No.: 0151467