**NIGHT BOX FILED**

FEB 18 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 00-6069-Civ-Davis/Brown

| | |
|---|---|
| MOSES HOPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DAVID STRAUSS, individually, | ) |
| ANTHONY FERNANDEZ, individually, | ) |
| and the CITY OF HOLLYWOOD, a | ) |
| Florida Municipal corporation | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**PLAINTIFF, MOSES HOPE'S MEMORANDUM OF LAW IN RESPONSE
TO DEFENDANT CITY OF HOLLYWOOD'S "MOTION TO DISMISS"**

**COMES NOW** the Plaintiff, Moses Hope, by and through his undersigned attorneys and pursuant to Federal Rule of Civil Procedure 12 (b)(6) and S.D. Fla. L.R. 7.1 (C), hereby submits his "Memorandum of Law" in response to Defendant City of Hollywood's "Motion to Dismiss" and in support thereof, states the following:

   1.   This is a civil action against Defendant Strauss, individually (Count I), and Defendant City of Hollywood (Count II), alleging violations of Plaintiff's rights pursuant to 42 U.S.C. § 1983. Plaintiff also brings state law claims against Defendant City of Hollywood (Count III) for negligent supervision, as well as state law claims against Defendant Fernandez (Count IV) and Defendant Strauss (Count V) for malicious prosecution.

   2.   Defendant Strauss, individually, and Defendant Fernandez, do not join in this



motion.

3.  Count II of Plaintiff's Complaint seeks relief against Defendant City of Hollywood for violations for 42 U.S.C. § 1983, based upon the unlawful customs, policies, and practice of Defendant City of Hollywood. Defendant City of Hollywood moves to dismiss Count II of Plaintiff's Complaint on the basis that "Plaintiff has failed to allege an official custom or policy of Hollywood was the *proximate cause* of Plaintiff's damages." (Defendant's "Motion to Dismiss", paragraph 5) (italics added).

4.  Count III of Plaintiff's Complaint seeks relief against Defendant City of Hollywood for negligent supervision. Defendant City of Hollywood moves to dismiss Count III of Plaintiff's Complaint on the basis that "Plaintiff has *failed to allege a cause of action* against Hollywood for negligent supervision by Sergeant Marano of Officers Strauss and Fernandez." (Defendant's "Motion to Dismiss", paragraph 7) (italics added).

5.  For the reasons set forth below, Defendant City of Hollywood's "Motion to Dismiss" must be denied.

## STATEMENT OF FACTS

*Negligent supervision claim:*

In pertinent part, Plaintiff's Complaint alleges that on September 17, 1995, Plaintiff Moses Hope was at or near 2247 Simms Street, in Hollywood, Florida, located in Broward County, Florida. (Complaint, paragraph 9). Plaintiff was involved in a dice game as members of Defendant City of Hollywood's so-called "Street Crimes Unit" patrolled the area near 2247 Simms Street in unmarked police cars. (Complaint, paragraph 10). Defendant Strauss, along with other members of the "Street Crimes Unit, exited their cars and approached Plaintiff and the dice players. (Complaint, paragraph

11). Plaintiff and the other dice players were informed that they were going to jail for misdemeanor loitering and gambling charges. (Complaint, paragraph 12). No drugs or narcotics were recovered at the incident location. (Complaint, paragraph 14).

The Complaint further alleges that Sergeant Jeffrey A. Marano was in a supervisory position while a member of Defendant City of Hollywood Police Department's "Street Crimes Unit", and was responsible for the supervision of Defendant Strauss, Defendant Fernandez. (Complaint, paragraph 31). Sergeant Jeffrey A. Marano physically detained Plaintiff at the time members of the "Street Crimes Unit" raided the dice game (Complaint, paragraph 32), and was aware that no cocaine was recovered by Defendant Strauss at the location of Plaintiff's arrest. (Complaint, paragraph 34).

Finally, the Complaint alleges that Sergeant Jeffrey A. Marano failed to instruct, supervise, and control Defendants Strauss, and Defendant Fernandez, or both, from the use or planting of false evidence in an effort to obtain a conviction, following Plaintiff's arrest, i.e, the allegation that Plaintiff possessed two cocaine rocks. (Complaint, paragraph 33-34). Sergeant Jeffrey A. Marano Sergeant Jeffrey A. Marano also failed to instruct, supervise, and control Defendants Strauss, and Defendant Fernandez, from submitting falsified official reports. (Complaint, paragraph 35). Moreover, Sergeant Jeffrey A. Marano *systemically* failed to review and sign the sworn police reports of his subordinates, including Defendant Strauss and Defendant Fernandez, contrary to his responsibilities as a supervisory employee of Defendant City of Hollywood's police department. (Complaint, paragraph 36).

*Custom, policy, and practice claim:*

Regarding the issue of municipal liability under Section 1983, the Complaint alleges that Defendant City of Hollywood had a custom, policy, and practice of submitting incident reports to

prosecuting authorities for case filing determination of criminal charges, accompanied by a notarized affidavit of the writer of the report attesting to the truthfulness of the contents of the report, when in reality, the affidavits attesting to the truthfulness of the reports were prepared in advance of any arrest and were affixed to the report by clerical employees on an as needed basis, for submission to prosecuting authorities. (Complaint, paragraph 29). The false statements and material omissions contained in Defendant Strauss' official report were made by Defendant Strauss with the knowledge that a notary affidavit would be affixed to his report by clerical employees of Defendant City of Hollywood without the requirement that Defendant Strauss swear under oath to the truthfulness of his report.[1] (Complaint, paragraph 30).

The Complaint further alleges that prior to the incident involving Plaintiff, Defendant City of Hollywood knew or should have known of the wide-spread practice of its employees violating the notary public laws of the State of Florida, and of supervisors failing to review the unsworn reports of their subordinates. (Complaint, paragraph 48). Defendant City of Hollywood failed to implement policies designed to eliminate the practice, or otherwise discipline those who violated the law.

---

[1]

Prior litigation in the Southern District of Florida has resulted in a judgment in the amount of $ 200,000 against Defendant City of Hollywood for violations of the State of Florida notary public laws. See, *Dwight Edman v. Jeffrey A. Marano, individually, Anthony Fernandez, individually, and the City of Hollywood, a Florida Municipal corporation*, Case No. 97-6825-Civ-Ferguson/Snow.

Final judgments were also issued in the matter of *Edman v. Marano* in the amount of $ 275,000 against Jeffrey A. Marano and Anthony Fernandez, jointly and severally. The attorneys of record in that matter are the same attorneys who have appeared in this action, with the exception of Tamatha S. Alvarez, Esq., attorney for Defendant City of Hollywood. In the matter of *Edman v. Marano*, the City of Hollywood was represented by the present City Attorney, Daniel T. Abbott, Esq.

(Complaint, paragraph 48). Finally, the Complaint alleges that if Defendant City of Hollywood had implemented and enforced procedures designed to correct the failure of supervisors to review the unsworn reports of their subordinates, as well as discipline employees who failed to follow the notary public laws, the use of false or planted evidence in an effort to obtain a criminal conviction would have been prevented. (Complaint, paragraph 48).

## MEMORANDUM OF LAW

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "accept the well-pleaded allegations of the complaint as true." Albright v. Oliver, 114 S.Ct. 807 (1994); Harris v. Proctor & Gamble Cellulose Co., 73 F.3d 321, 324 (11th Cir. 1996); see also Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir. 1994); Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th cir. 1994). All doubts and inferences are resolved in the pleader's favor, and the pleading is viewed in the light most favorable to the pleader. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed. 2d 90 (1974). "A complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle her [or him] to relief.'" Cannon v. Macon County, 1 F.3d 1558, 1565 (11th Cir. 1993) (*quoting* Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)), *opinion modified on other grounds*, Cannon v. Macon County, 15 F.3d 1022 (11th Cir. 1994).

The Eleventh Circuit has stated that to assess the sufficiency of the allegations, "[t]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim . . . all the Rules require is a 'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." In re Johannessen, 76 F.3d 347, 349-50 (11th Cir. 1996) (quoting Conley v. Gibson, 355 U.S. 41, 47

(1957)).

In addition, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Johannessen, 76 F. 3d at 349 (quoting Conley, 355 U.S. 45-46). Where a more carefully drafted complaint might state a claim, the plaintiff must be given at least one chance to amend the complaint before the district Court dismisses the action with prejudice. Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985). Additionally, Rule 15 (a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

When considering a motion to dismiss, the court "is limited primarily to the face of the complaint and attachments thereto." Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1368 (11th Cir. 1997) (citing 5A Charles A. Wright and Arthur Miller, *Federal Practice and Procedure* § 1356 at 590-92 (1969)). In Eleventh Circuit jurisprudence, "[c]onsideration [by the court] of matters beyond the complaint is improper in the context of a motion to dismiss but proper in the context of a motion for summary." Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). To the extent that the court in its discretion elects to consider matters outside of the pleadings, Federal Rule of Civil Procedure 12(b) requires the court to comply with the requirements of Rule 56, including ten days notice to the parties that the court is converting the moving party's motion to dismiss into a motion for summary judgment. See Jones v. Automobile Insurance Company of Hartford, Conn., 917 F.2d 1528, 1531-32 (11th Cir. 1990); Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). No such notice has been issued in this case.

### *Custom, policy, and practice claim:*

Count II of Plaintiff's Complaint seeks relief against Defendant City of Hollywood for violations for 42 U.S.C. § 1983, based upon the unlawful customs, policies, and practice of Defendant City of Hollywood. Defendant City of Hollywood moves to dismiss Count II of Plaintiff's Complaint on the basis that "Plaintiff has failed to allege an official custom or policy of Hollywood was the *proximate cause* of Plaintiff's damages." (Defendant's "Motion to Dismiss", paragraph 5) (italics added).

As a preliminary matter, Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. The Federal Rules of Civil Procedure do not impose a heightened pleading requirement for § 1983 municipal liability claims. Leatherman v. Tarrant County, 113 S.Ct. 1160 (1993). Defendant City of Hollywood does not claim that Plaintiff has failed to allege specific facts which, if true, would establish municipal liability under § 1983. However, Defendant City of Hollywood does allege that Plaintiff has failed to demonstrate that the specific facts alleged *proximately caused* the violation of Plaintiff's constitutional rights.

As admitted by Defendant City of Hollywood's on page 2 of its "Motion to Dismiss", paragraph 48 of Plaintiff's Complaint alleges that the customs, policies, and practices, as set forth therein, caused the violation of Plaintiff's constitutional rights. (See paragraph 48 of Plaintiff's Complaint) (alleging that, but for the unlawful customs, policies, and practices, "the use of false or planted evidence in an effort to obtain a criminal conviction would have been prevented"). (Plaintiff's Complaint, paragraph 48). Nothing further is required. Any contrary result would violate the Supreme Court's decision in Leatherman v. Tarrant County, 113 S.Ct. 1160 (1993), and the policies underlying that decision.

7

Furthermore, it is reasonable for a jury to conclude that if Defendant City of Hollywood required its supervisory employees to review their subordinates police reports, no constitutional violation would have occurred. That deficiency occurred in conjunction with the fact that subordinate employees of Sergeant Jeffrey A. Marano knew, not only that their police reports were never reviewed by their supervisor, but that there was no requirement that they actually swear to the truthfulness of their "notarized" police reports. Under such circumstances, Plaintiff allegation that the customs, policies, and practices of Defendant City of Hollywood caused the violation of Plaintiff's constitutional rights is sufficient to state a cause of action under 42 U.S.C. § 1983, for municipal liability. See Rivas v. Freeman, 940 F.2d 1491 (11th Cir. 1991).

### *Negligent supervision claim:*

Under 42 U.S.C. § 1983, supervisory liability may be imposed in the Eleventh Circuit where the inadequate supervision rises to the level of "deliberate indifference." Vineyard v. County of Murray, 990 F.2d 1207, 1212 (11th Cir. 1993); Greason v. Kemp, 891 F.2d 829, 837 (11th Cir. 1990). In Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990), the Eleventh Circuit explained:

> Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam); H.C. by Hewett, 786 F.2d [1080, 1086 (11th Cir. 1986)]; Fundiller [v. City of Cooper City], 777 F.2d [1436, 1443 (11th Cir. 1985)]; Wilson v. Attaway, 757 F.2d 1227, 1241 (11th Cir. 1985). The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. See Clark v. Evans, 840 F.2d 876, 885 (11th Cir. 1988) (per curiam); Fundiller, 777 F.2d at 1443; Wilson, 757 F.2d at 1241. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences. Compare Clark, 840 F.2d at 885.

8

Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990) (citations in original).

As set forth above, supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. Plaintiff's Complaint alleges both, and thereby satisfies the pleading requirements for a supervisory liability claim pursuant to 42 U.S.C. § 1983.

However, Count III of Plaintiff's Complaint sets forth a claim for "negligent supervision" under state law. Plaintiff's theory is as follows: Defendant Marano failed to supervise his subordinates, by failing to review their police reports, and by failing to prevent the constitutional violation of his subordinates as set forth in Plaintiff's Complaint, which, in this case, occurred in his presence. This deficiency was compounded by the Defendant City of Hollywood's own failure to require that their employees follow the State of Florida notary laws and require police officers to swear to the truthfulness of their "notarized" reports. Because Sergeant Marano's failure to supervise his subordinates occurred in the course and scope of his employment, the Defendant City of Hollywood has respondeat superior liability under state law. See § 768.28 (9) (a) of the Florida Statutes. Under Florida law, the question of whether the conduct of Sergeant Marano occurred in bad faith, or with malicious purpose, or in a wanton or willful manner, is ultimately a question for the jury. In McGhee v. Volusia County, 679 So. 2d 729 (Fla. 1996), the Florida Supreme Court explained:

> [A] jury question as to the sheriff or employing agency's liability exists for acts of officers that can be described as abuses of lawful power. The employing agency is immune as a matter of law only if the acts are so extreme as to constitute a clearly unlawful usurpation of authority the deputy does not rightfully possess . . ., or if there is not even a pretense of lawful right in the performance of the

> acts. The fact that . . . [a deputy] may have intentionally abused his office does not in itself shield the sheriff from liability. In sum, the question must be put to the fact-finder whether . . . [the deputy] acted in bad faith, with malicious purpose, or in a manner exhibiting wanton or wilful disregard of human rights, safety, or property.

Id. at 733.

Thus, Plaintiff seeks to impose municipal liability for the failure of Sergeant Marano to supervise his subordinates. It is clear that Sergeant Marano would have personal liability for the same conduct if sued under 42 U.S.C. § 1983. However, Plaintiff instead seeks to impose municipal liability against Defendant City of Hollywood under state law, for the same conduct. Under state law, Plaintiff cannot sue Sergeant Marano, individually, unless Plaintiff pleads and proves that Sergeant Marano was acting either outside the scope and course of his employment, or in bad faith, with malicious purpose, or in a manner exhibiting wanton or wilful disregard of human rights, safety, or property. See Florida Statute § 768.28 (9) (a). Although Defendant City of Hollywood may argue that Florida Statute § 768.28 (9) (a) provides a defense to Sergeant Marano's conduct, the resolution of that issue is a question for the jury, and is not a proper subject of a motion to dismiss. See McGhee v. Volusia County, 679 So. 2d 729 (Fla. 1996). Essentially, Defendant City of Hollywood argues that although a cause of action would exist against Sergeant Marano, individually, under federal law, there is no respondeat superior liability for the same claim made under state law. That argument proves too much, insofar as the District Courts in Florida have regularly recognized a state law cause of action for "negligent supervision". See Farabee v. Rider, 11 Fla. L. Weekly Fed. D584, D585 - 86 (M.D. Fla. 1998).

Moreover, Plaintiff has satisfied the requirement-- to the extent any such requirement

10

exists-- that Defendant City of Hollywood was aware of a pattern of offensive conduct. It was the Defendant City of Hollywood's own customs, policies, and practices, that allowed its notary publics to systemically fail to require that police offices swear the truthfulness of "notarized" police reports. Additionally, one of Defendant City of Hollywood's supervisory employees-- Sergeant Marano, was personally aware of his own failure to review subordinates police reports prior to the time they were improperly "notarized." Under such circumstances, the use and planting of false evidence was almost certain to occur. Under state law, such allegations state a cause of action for "negligent supervision." Farabee v. Rider, 11 Fla. L. Weekly Fed. D584, D585 - 86 (M.D. Fla. 1998); Johnson v. Cannon, 947 F. Supp. 1567 (M.D. Fla. 1996).

**WHEREFORE,** Plaintiff requests that this Honorable Court enter an Order denying Defendant City of Hollywood's "Motion to Dismiss." Alternatively, Plaintiff requests leave of Court to plead and file an amended Complaint. See Friedlander v. Nims, 755 F.2d 810, 813 (11th Cir. 1985).

**I HEREBY CERTIFY** that the true and correct copy of the foregoing has been furnished by U.S. Mail to **Tamatha S. Alvarez, Esq.**, Attorney for Defendant City of Hollywood, Assistant City Attorney, City of Hollywood, 2600 Hollywood Boulevard, Suite 407, Hollywood, FL 33020, and **Mr. Bruce Jolly, Esq.**, Attorney for Defendants Strauss and Fernandez, Purdy, Jolly, Giuffreda, P.A., 1322 S.E. Third Avenue, Fort Lauderdale, FL 33316, and, this 22 day of February, 2000.

HUGH L. KOERNER, P.A.
Attorney for Plaintiff
100 S.E. Sixth Street
Fort Lauderdale, FL 33301
(954) 522-1235
(954) 522-1176 (Fax)

By: _____
Hugh L. Koerner
Florida Bar No.: 716952