UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6069-CIV-DAVIS

MOSES HOPE,

    Plaintiff,

vs.

DAVID STRAUSS, individually, et al.,

    Defendants.
_____/



## JOINT STATUS REPORT

The Plaintiff, MOSES HOPE, and the Defendants, DAVID STRAUSS, ANTHONY FERNANDEZ and the Defendant, CITY OF HOLLYWOOD, through their undersigned attorneys, pursuant to Local Rule 16.1.B.7 of the General Rules for the United States District Court, Southern District of Florida, file this their Joint Status Report.

### 1. PLAIN STATEMENT OF THE NATURE OF THE CLAIM.

The Plaintiff, MOSES HOPE, sues the Defendants, DAVID STRAUSS, ANTHONY FERNANDEZ, and CITY OF HOLLYWOOD, separately asserting claims for violation of civil rights (planting of false evidence causing the institution of a criminal prosecution, contrary to the Fourth and/or Fourteenth Amendments of the United States Constitution), and state tort claims of negligent supervision and malicious prosecution. The claims relate to the circumstances of the arrest of Plaintiff on September 17, 1995, for the criminal offense of possession of cocaine, and subsequent prosecution stemming from that arrest, which arrest occurred within the City of Hollywood, Broward County, Florida.

The Defendants, STRAUSS and FERNANDEZ, have separately filed written defenses to the Complaint, which defenses deny the material allegations of the Complaint, raising affirmative



defenses. The Defendant, CITY OF HOLLYWOOD, has separately filed its Motion to Dismiss Counts II and III of the Complaint.

**2. BRIEF WRITTEN SUMMARY OF THE FACTS WHICH ARE UNCONTESTED.**

A. That the Defendants, STRAUSS and FERNANDEZ, at the time of the incident at issue, were employed by the City of Hollywood as City of Hollywood police officers.

B. That the Defendant, CITY, is a Florida municipal corporation organized and existing under the laws of the State of Florida located in Broward County, Florida.

**3. BRIEF WRITTEN SUMMARY OF THE ISSUES AS PRESENTLY KNOWN.**

A. Whether any Defendant caused Plaintiff's civil rights, protected by the Fourth Amendment to the United States Constitution, to be violated (i.e., whether any Defendant caused false evidence to be planted resulting in the initiation of a criminal prosecution).

B. Whether, if Plaintiff's civil rights were violated, such violation is related to a policy, practice, or custom instituted by the Defendant, City of Hollywood.

C. Whether the Defendant, City of Hollywood, owed a duty to the Plaintiff regarding the hiring, retention or supervision of the Defendants, STRAUSS and FERNANDEZ, and, if so, whether such duty was breached.

D. Whether the Plaintiff was maliciously prosecuted.

E. Whether any Defendant caused Plaintiff to be maliciously prosecuted.

F. Whether the Plaintiff has sustained any compensatory damages and, if so, the amount of such damages.

G. Whether the Plaintiff is entitled to an award of punitive damages and, if so, the amount of such damages.

### 4. SUMMARY OF ANY PENDING MOTIONS.

A. The Defendant, CITY OF HOLLYWOOD, has separately filed its Motion to Dismiss Counts II and III of the Complaint. The Defendant, CITY OF HOLLYWOOD, as to Count II, claims that the Complaint does not allege, except in conclusory terms only, the policy, practice or custom providing a basis for imposing liability against it under Title 42 U.S.C. §1983. The Defendant, CITY OF HOLLYWOOD, as to Count III claims that attempt to bring claim of negligent supervision is not properly brought as against it as a governmental employer related to intentional misconduct of its employee.

### 5. PROGRESS OF DISCOVERY.

A. The parties agree that this case shall follow the standard track.

B. The depositions of fact witnesses shall be completed by October 30, 2000.

C. The depositions of expert witnesses shall be completed prior to Calendar Call.

D. Interrogatories shall be served by May 31, 2000.

E. Requests for Production or Inspection shall be served by May 31, 2000.

F. Requests for Admissions shall be served by May 31, 2000.

G. Joinder of Parties and amendment of pleadings shall be July 31, 2000.

H. Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial shall be August 31, 2000.

I. Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Local Rule 16.1(K) shall be August 31, 2000.

J. All discovery shall be completed by November 30, 2000.

K. Dispositive motions shall be filed by December 15, 2000.

L. Pretrial motions and Memorandum of Law shall be filed by December 15, 2000.

M. Suggested date for mediation shall be not later than January 15, 2001.

N. Suggested date for Pretrial Conference shall be on or after January 31, 2001.

O. Suggested trial date is on or after February 15, 2001.

P. The parties agree to exchange any documents which may be intended to be introduced within five (5) days of listing them as trial exhibits, providing that such documents have not already been exchanged during discovery.

Q. The parties agree that the foregoing discovery devices may be used in any sequence desired by the parties, except that the parties agree to abide by local standards of professional courtesy with regard to the scheduling of depositions.

**6. PROJECTED TIME NECESSARY FOR TRIAL.**

A. The parties have demanded trial by jury and anticipate that 3-4 days will be required for trial.

B. The parties anticipate that the final Pretrial Conference and trial of this matter may be scheduled at anytime after January 31, 2001.

**7. UNIQUE LEGAL OR FACTUAL ASPECTS OF THE CASE.**

The litigation, in this forum, is in the early phases and discovery is only now being initiated, so a determination as to unique legal or factual aspects has not been made by the parties.

**8. STATUS OF ANY POTENTIAL SETTLEMENT.**

The parties have not yet entered into settlement negotiations, but as discovery progresses, the parties agree to continuously evaluate their positions so as to be able to make a good faith determination as to whether settlement is feasible.

**9. STATEMENT AS TO WHETHER PARTIES WILL CONSENT TO A MAGISTRATE JUDGE.**

The parties agree that discovery disputes, Motions for Costs, Motions for Attorneys' Fees and Motions for Sanctions are properly submitted to a Magistrate Judge for final disposition. The

parties do not agree, at this time, to consent to jurisdiction by a United States Magistrate Judge for final disposition of Motions to Dismiss, Motions for Summary Judgment or trial.

The parties are unaware of any other matters requiring referral to a Special Master or Magistrate Judge.

DATED this _____ day of _____, 2000.

PURDY, JOLLY & GIUFFREDA, P.A.
Attorneys for Defendants OFFICERS
1322 S.E. Third Avenue
Fort Lauderdale, Florida 33316
(954) 462-3200

By_____
BRUCE W. JOLLY
Fla. Bar No. 203637

HUGH L. KOERNER, P.A.
Attorney for Plaintiff
100 S.E. 6th Street
Fort Lauderdale, Florida 33301
(954) 522-1235

By_____
HUGH L. KOERNER
Fla. Bar No. 716952

DANIEL ABBOTT, CITY ATTORNEY
City of Hollywood
2600 Hollywood Boulevard, #407
Hollywood, Florida 33020
(954) 921-3435

By_____
TAMATHA S. ALVAREZ
Fla. Bar No. 0151467