OCT 5 2000

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

MOSES HOPE,                                    Case No. 00-6069-CV-FERGUSON

      Plaintiff,

v.

DAVIS STRAUSS, individually,
ANTHONY FERNANDEZ,
individually, and the CITY OF
HOLLYWOOD, a Florida
Municipal Corporation,

      Defendants.

_____/

## ORDER ON MOTION TO DISMISS

      This cause is before the Court on the City of Hollywood's Motion to Dismiss [D.E. 4].

Specifically the Defendant seeks to dismiss Counts II and III of the Plaintiff's five count

complaint. Count II alleges a "custom, policy and practice" claim against the City. Count III

alleges a "negligent supervision" claim against the City.

      In the motion to dismiss the Defendant directs the Court to matters outside the four

corners of the complaint. On a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), the

Court must "accept the well-pleaded allegations of the complaint as true." Albright v. Oliver,

114 S. Ct. 807 (1994). The Rules of Procedure "do not require a claimant to set out in detail the

facts upon which he bases his claim. . ." In re Johannessen, 76 F.3d 347, 349-350 (11th Cir.

1996). When considering a motion to dismiss, the Court "is limited primarily to the face of the



complaint and attachments thereto." <u>Brooks v. Blue Cross and Blue Shield of Florida, Inc.</u>, 116 F.3d 1364, 1368 (11th Cir. 1997).

Where a court elects to consider matters outside the pleadings it must comply with the requirements of the summary judgment rule. <u>See Milburn v. United States</u>, 734 F.2d 762, 765 (11th Cir. 1990). The challenges made by the Defendant are appropriate for a summary judgment motion. Having duly considered the complaint along with the legal memoranda, it is

**ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss [D.E. 4] is **DENIED**.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this _____ day of October, 2000.

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

Copies provided:
Tamatha S. Alvarez, Esq.
Bruce Jolly, Esq.
Hugh L. Koerner, P.A.