**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

FILED by _ad_ D.
SEP 30 2000

MOSES HOPE,   Case No. 00-6069-CV-FERGUSON

    Plaintiff,

v.

DAVIS STRAUSS, individually,
ANTHONY FERNANDEZ,
individually, and the CITY OF
HOLLYWOOD, a Florida
Municipal Corporation,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

This cause is before the Court on the City of Hollywood's Motion to Dismiss [D.E. 4]. Specifically the Defendant seeks to dismiss Counts II and III of the Plaintiff's five count complaint. Count II alleges a "custom, policy and practice" claim against the City. Count III alleges a "negligent supervision" claim against the City.

In the motion to dismiss the Defendant directs the Court to matters outside the four corners of the complaint. On a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), the Court must "accept the well-pleaded allegations of the complaint as true." Albright v. Oliver, 114 S. Ct. 807 (1994). The Rules of Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim. . ." In re Johannessen, 76 F.3d 347, 349-350 (11th Cir. 1996). When considering a motion to dismiss, the Court "is limited primarily to the face of the



complaint and attachments thereto." Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1368 (11th Cir. 1997).

Where a court elects to consider matters outside the pleadings it must comply with the requirements of the summary judgment rule. See Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1990). The challenges made by the Defendant are appropriate for a summary judgment motion. Having duly considered the complaint along with the legal memoranda, it is

**ORDERED AND ADJUDGED** that the Defendant's Motion to Dismiss [D.E. 4] is **DENIED**.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Florida, this 30th day of September, 2000.

WILKIE D. FERGUSON, JR.
UNITED STATES DISTRICT JUDGE

Copies provided:
Tamatha S. Alvarez, Esq.
Bruce Jolly, Esq.
Hugh L. Koerner, P.A.