UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 00-6069 CIV-FERGUSON

MOSES HOPE,

    Plaintiff,

v.

DAVID STRAUSS, individually
ANTHONY FERNANDEZ, individually
and the CITY OF HOLLYWOOD,
Florida municipal corporation

    Defendant.

_____/



## CITY OF HOLLYWOOD'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

The Defendant CITY OF HOLLYWOOD ("Hollywood"), through undersigned counsel, responds to Plaintiffs' Complaint as follows:

1. As to paragraph 1, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

2. As to paragraph 2, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

3. As to paragraph 3, Hollywood admits only that Plaintiff has complied with the notice provision of §768.28. Hollywood is without knowledge as to the remaining allegations contained therein and therefore denies same and demands strict proof thereof.

4. As to paragraph 4, Hollywood is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same and demands strict proof thereof.



5.     As to paragraph 5, Hollywood admits only that Defendant Strauss was employed as a Police Officer for the City of Hollywood. Hollywood is without knowledge as to the remaining allegations contained therein and therefore denies same and demands strict proof thereof.

6.     As to paragraph 6, Hollywood admits only that Defendant Fernandez was employed as a Police Officer for the City of Hollywood. Hollywood is without knowledge as to the remaining allegations contained therein and therefore denies same and demands strict proof thereof.

7.     As to paragraph 7, Hollywood admits that the City of Hollywood is a Florida Municipal Corporation organized and existing under the laws of the State of Florida. Hollywood denies the remaining allegations contained therein and demands strict proof thereof at the time of time.

8.     As to paragraph 8, Hollywood is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same and demands strict proof thereof.

### FACTS COMMON TO ALL COUNTS

9.     As to paragraph 9, Hollywood admits to the allegations contained therein.

10.    As to paragraph 10, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

11.    As to paragraph 11, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

12.    As to paragraph 12, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

13. As to paragraph 13, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

14. As to paragraph 14, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

15. As to paragraph 15, Hollywood admits to the allegations contained therein.

16. As to paragraph 16, Hollywood admits to the allegations contained therein.

17. As to paragraph 17, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

18. As to paragraph 18, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

19. As to paragraph 19, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

20. As to paragraph 20, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

21. As to paragraph 21, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

22. As to paragraph 22, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

23. As to paragraph 23, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

24. As to paragraph 24, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

25. As to paragraph 25, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

26. As to paragraph 26, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

27. As to paragraph 27, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

28. As to paragraph 28, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

29. As to paragraph 29, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

30. As to paragraph 30, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

31. As to paragraph 31, Hollywood admits that Jeffrey A. Marano was a Hollywood Police Officer with supervisory responsibilities. Hollywood denies the remaining allegations contained therein and therefore demands strict proof at the time of trial.

32. As to paragraph 32, Hollywood admits that Sergeant Marano was present at the time of Plaintiff's arrest. Hollywood denies the remaining allegations and therefore demands strict proof at the time of trial.

33. As to paragraph 33, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

34. As to paragraph 34, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

CASE NO: 00-6069 CIV-FERGUSON

35. As to paragraph 35, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

36. As to paragraph 36, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

37. As to paragraph 37, Hollywood admits only that the official reports of Defendant Strauss and Defendant Fernandez were forwarded to BCSA for review for possible institution of criminal proceedings consistent with the information contained therein.

38. As to paragraph 38, Hollywood admits only that the narcotics found were forwarded to Broward County Sheriff's Crime Lab and were tested and determined to be cocaine. Hollywood denies the remaining allegations contained therein and therefore demands strict proof.

39. As to paragraph 39, Hollywood neither admits or denies. The allegations as contained in paragraph 39 is properly stricken pursuant to Rule 12(F) of the Federal Rules of Civil Procedure as containing impertinent or scandalous matters. It is admitted that the described criminal prosecution was resolved in favor the Plaintiff, Moses Hope.

40. As to paragraph 40, Hollywood is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies same and demands strict proof thereof.

## CAUSES OF ACTION

### COUNT I- CONSTITUTIONAL CLAIMS AGAINST DEFENDANT STRAUSS, INDIVIDUALLY, COGNIZABLE UNDER U.S.C. §1983

41.-45. As this Count is directed against Defendant Strauss, no response is necessary from Hollywood. To the extent a response is necessary, Hollywood denies all allegations contained therein and demands strict proof thereof.

### COUNT II -- CUSTOM, POLICY AND PRACTICE CLAIM AGAINST DEFENDANT CITY OF HOLLYWOOD, COGNIZABLE UNDER 42 U.S.C. §1983

46. As to paragraph 46, Hollywood re-asserts its answers to paragraphs 1-40 as though fully set forth herein.

47. As to paragraph 47, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

48. As to paragraph 48, Hollywood denies all allegations contained therein and demands strict proof at the time of trial.

49. As to paragraph 49, no response is necessary as it calls for a legal conclusion. To the extent a response is necessary, Hollywood denies all allegations contained therein and demands strict proof at the time of trial.

50. As to paragraph 50, Hollywood denies all allegations contained therein and therefore demands strict proof at the time of trial.

51. As to paragraph 51, Hollywood denies all the allegations contained therein and therefore demands strict proof at the time of trial.

52. As to paragraph 52, Hollywood denies the allegations contained therein and demands strict proof at the time of trial.

6

53. As to paragraph 53, Hollywood denies the allegations contained therein and demands strict proof at the time of trial.

### COUNT III – NEGLIGENT SUPERVISION CLAIM AGAINST DEFENDANT CITY OF HOLLYWOOD

54. As to paragraph 54, Hollywood re-asserts its answers to paragraphs 1-40 fully set forth herein.

55. As to paragraph 55, Hollywood can neither admit nor deny the allegations of paragraph 55 as it is unintelligible as drafted.

56. As to paragraph 56, Hollywood admits that Sergeant Marano was responsible for the supervision of some of the employees of the City of Hollywood's Police Department. Hollywood denies the remaining allegations and therefore demands strict proof at the time of trial.

57. As to paragraph 57, Hollywood admits only that Sergeant Marano was present at the time of Plaintiff's arrest. Hollywood denies the remaining allegations and therefore demands strict proof at the time of trial.

58. As to paragraph 58, Hollywood admits to the allegations contained therein and therefore demands strict proof at the time of trial.

59. As to paragraph 59, no response is necessary as it calls for a legal conclusion. To the extent a response is necessary, Hollywood denies all the allegations contained therein and demands strict proof at the time of trial.

60. As to paragraph 60, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

61. As to paragraph 61, no response is necessary as it calls for a legal conclusion. To the extent a response is necessary, Hollywood denies all the allegations contained therein and therefore demands strict proof at the time of trial.

62. As to paragraph 62, Hollywood denies all allegations contained therein and demands strict proof at the time of trial.

63. As to paragraph 63, Hollywood denies all the allegations contained therein and therefore demands strict proof at the time of trial.

64. As to paragraph 64, Hollywood denies the allegations contained therein and demands strict proof at the time of trial.

65. As to paragraph 65, Hollywood denies the allegations contained therein and therefore demands strict proof at the time of trial.

### COUNT IV- MALICIOUS PROSECUTION CLAIM AGAINST DEFENDANT FERNANDEZ, INDIVIDUALLY

66.-71. As this Count is directed against Defendant Fernandez, no response is necessary from Hollywood. To the extent a response is necessary, Hollywood denies all allegations contained therein and demands strict proof at time of trial.

### COUNT V- MALICIOUS PROSECUTION CLAIM AGAINST DEFENDANT STRAUSS, INDIVIDUALLY

72.-77. As this Count is directed against Defendant Strauss, no response is necessary as it calls for a legal conclusion. To the extent a response is necessary, Hollywood denies all allegations contained therein and therefore demands strict proof at the time of trial.

### AS TO ALLEGATIONS GENERALLY

78. All allegations contained in the complaint not specifically admitted are hereby denied

79. All allegations of wrongdoing made against Defendant, City of Hollywood, are hereby denied.

### AFFIRMATIVE DEFENSES

80. For a defense herein, Hollywood states that any and all injuries suffered by Plaintiff were caused in whole or part by reason of Plaintiff's own wrongful acts and conduct as a consequence of which the Plaintiff is not entitled to recovery.

81. For a defense herein, Hollywood states that it is entitled to sovereign immunity §768.28.

82. For a defense herein, Hollywood states that that actions of all Hollywood Police Officers were in accordance with the prevailing law.

83. For a defense herein, Hollywood states that it is entitled to the immunity provision contained in Fla. Stat. §768.28.

84. For a defense herein, Hollywood is entitled to a set-off or reduction in damages for any and all benefits paid to or on behalf of Plaintiff, by any and all collateral sources of indemnity.

85. For a defense herein, Hollywood states that Plaintiff has failed to mitigate his damages as required by law.

86. For a defense herein, Hollywood states that Plaintiff's damages if any, were caused in whole or part by the acts and/or omissions of third parties, beyond the control and

responsibility of Hollywood, and accordingly, Plaintiff is barred from recovery or alternatively, Plaintiff may not fully recover for the alleged damages.

87. For a defense herein, Hollywood states that all actions taken by Defendant City of Hollywood were taken in good faith and for litigation reasons.

88. For a defense herein, Hollywood states that Defendant did not deprive Plaintiff or any rights, privileges or immunity secured by the State Constitution, U.S. Constitution, or any Federal or State law.

WHEREFORE, for the reasons above stated, Hollywood respectfully requests that this Court enter a judgment in its favor and to award Hollywood its costs and expenses incurred in the defense of this matter.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been faxed and U.S. Mail this 8th day of January, 2001 to Hugh L. Koerner, Esq., Hugh L. Koerner, P.A., 100 S.E. Sixth Street, Ft. Lauderdale, FL 33301 and Bruce Jolly, Esq., Purdy, Jolly & Giuffreda, 1322 Southeast 3rd Avenue, Ft. Lauderdale, FL 33316.

        Respectfully submitted,

        DANIEL L. ABBOTT
        CITY ATTORNEY
        City of Hollywood
        2600 Hollywood Boulevard, Room 407
        Hollywood, FL 33020
        Telephone: (954) 921-3435
        Telecopier: (954) 921-3081

By: /s/ Tracy A. Lyons
        Tracy A. Lyons
        Assistant City Attorney
        Fla. Bar No. 0141585