UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MOSES HOPE,                                    CASE NO. 00-6069-CIV-FERGUSON

           Plaintiff,

vs.

DAVID STRAUSS, individually,
ANTHONY FERNANDEZ, individually,
and the CITY OF HOLLYWOOD, a
Florida Municipal corporation,

           Defendants.

_____/



### DEFENDANTS' NOTICE OF FILING
### PROPOSED VERDICT FORM AND JURY INSTRUCTIONS

The Defendants, DAVID STRAUSS and ANTHONY FERNANDEZ, through their

undersigned attorneys, file this their proposed Verdict Form and Jury Instructions.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was hand-
delivered to: **HUGH L. KOERNER,** Esquire, attorney for Plaintiff, 100 S.E. Sixth Street,
Fort Lauderdale, Florida 33301; and **DANIEL L. ABBOTT**, Esquire, City Attorney, 2600
Hollywood Boulevard, Suite 407, Hollywood, Florida 33020, this 26ᵗʰ day of July, 2001.

PURDY, JOLLY & GIUFFREDA, P.A.
Attorneys for Defendants STRAUSS and
           FERNANDEZ
1322 S.E. Third Avenue
Fort Lauderdale, Florida 33316
Telephone: (954) 462-3200
Facsimile: (954) 462-3861

By:_____
           BRUCE W. JOLLY
           Fla. Bar No. 203637



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6069-CIV-FERGUSON

MOSES HOPE,

       Plaintiff,

vs.

DAVID STRAUSS, individually, et al.,

       Defendants.

_____/

## **V E R D I C T**

We, the Jury, return the following verdict:

1. Did the Defendant, DAVID STRAUSS, violate the constitutional rights of the Plaintiff, MOSES HOPE, by planting false evidence causing the institution of a criminal prosecution against the Plaintiff, MOSES HOPE, which was a legal cause of loss, injury or damage to the Plaintiff, MOSES HOPE?

       Yes _____              No _____

Please proceed to Question No. 2.

2. Did the Defendant, ANTHONY FERNANDEZ, violate the constitutional rights of the Plaintiff, MOSES HOPE, by planting false evidence causing the institution of a criminal prosecution against the Plaintiff, MOSES HOPE, which was a legal cause of loss, injury or damage to the Plaintiff, MOSES HOPE?

       Yes _____              No _____

Please proceed to Question No. 3.

3. Did the Defendant, DAVID STRAUSS, cause Plaintiff, MOSES HOPE, to be maliciously prosecuted which was a legal cause of loss, injury or damage to the Plaintiff, MOSES HOPE?

       Yes _____              No _____

Please proceed to Question No. 4.

4. Did the Defendant, DAVID STRAUSS, cause Plaintiff, MOSES HOPE, to be maliciously prosecuted which was a legal cause of loss, injury or damage to the Plaintiff, MOSES HOPE?

Yes _____                    No _____

If your answers to Questions No. 1 through 4 are "no", do not answer any further questions. You should only date and sign this verdict form on the last page. If your answers to any of Questions No. 1 through 4 is "yes", please proceed to Question No. 5.

5. What is the amount of compensatory damages to be awarded to the Plaintiff, MOSES HOPE?

$_____

SO SAY WE ALL.

DATED this _____ day of _____, 2001.

_____
FOREPERSON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MOSES HOPE,                                    CASE NO. 00-6069-CIV-FERGUSON

       Plaintiff,

vs.

DAVID STRAUSS, individually, et al.,

       Defendants.

_____/

# DEFENDANTS', STRAUSS AND FERNANDEZ, PROPOSED JURY INSTRUCTIONS

## COURT'S INSTRUCTIONS TO THE JURY

**Members of the Jury:**

Now that you have heard all of the evidence and the argument of counsel, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

## DUTY TO FOLLOW INSTRUCTIONS

Regardless of any opinion you have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

This case should be considered and decided by you as an action between persons of equal standing in the community, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

## CONSIDERATION OF THE EVIDENCE, ETC.

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So, while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence - such as the testimony of an eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

## CREDIBILITY OF WITNESSES

Now I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness you should consider his or her relationships to the Plaintiff or to the Defendant; his or her interest, if any, in the outcome of the case; his or her manner of testifying; his or her opportunity to observe or acquire knowledge concerning the facts about which he or she testified; his or her candor, fairness and intelligence; and the extent to which he or she has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe his testimony.

## CONTRADICTORY EVIDENCE - INCONSISTENT STATEMENTS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

## EVIDENCE IN THE CASE - STIPULATIONS
## JUDICIAL NOTICE - INFERENCES PERMITTED

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard the fact as proven.

The Court may take judicial notice of certain facts or events. When the Court declares it will take judicial notice of some fact or event, the jury must, unless otherwise instructed, accept the Court's declaration as evidence, and regard as proved the fact or event which has been judicially noticed.

Unless you are otherwise instructed, the evidence in the case always consists of sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated; and all facts and events which may have been judicially noticed.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Unless you are otherwise instructed, anything you may have seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

## <u>OBJECTIONS</u>

During this trial, I have ruled on counsels' objections, and otherwise presided generally. You should not assume that I hold any opinions on the matters to which my questions or rulings related, and if I have said or done anything which leads you to believe that I have any opinions about the facts of this case, you are hereby instructed to disregard such things. Remember, at all times, that you, as jurors, are at liberty to disregard all comments of the Court in arriving at your own findings as to the facts.

## SIDE-BARS

I would also point out to you that the conferences that were held out of your presence were not conducted for the purpose of keeping anything from you which would be proper for this jury to consider, but to be sure insofar as it is possible for us to do so, that you would hear only such testimony and there would be only received such evidence as is, under the law, proper for a jury to consider.

## BURDEN OF PROOF

### (Generally)

The burden is on the Plaintiff in a civil action such as this to prove every essential element of his claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

## INTRODUCTION TO CLAIMS

In this case the Plaintiff, Moses Hope, had made two claims with respect to this case. The first claim is a civil rights claim alleging that the Defendants, David Strauss and Anthony Fernandez, violated the Plaintiff, Moses Hope's, constitutional rights by the planting of false evidence causing the institution of a criminal prosecution contrary to the Fourth and/or Fourteenth Amendments of the United States Constitution. The second claim is a state tort claim alleging that the Defendants, David Strauss and Anthony Fernandez, caused Plaintiff, Moses Hope, to be maliciously prosecuted.

As a result of the facts which Plaintiff, Moses Hope, asserts in his claims, Plaintiff, Moses Hope, seeks damages to compensate him for injury to his reputation and health, shame, humiliation, embarrassment, mental anguish, hurt feelings, and for other related expenses, lost earnings, and the loss of ability to earn money in the future.

## CIVIL RIGHTS CLAIM

Plaintiff's first claim in this case arises under Section 1983 of Title 42 of the United States Code. Section 1983 of Title 42 of the United States Code provides that any inhabitant of this Federal District may seek redress in this Court, by way of damages, against any person or persons who, under color of any law, statute, ordinance, regulation, or custom, knowingly subjects such inhabitant to the deprivation of any rights, privileges, or immunities, secured or protected by the Constitution or laws of the United States.

In this case, injuries are alleged to have been sustained by Plaintiff, Moses Hope, as a result of an allegation of a deprivation under color of state law, of rights secured to him both by the Constitution of the United States and by an Act of Congress providing for equal rights of all persons within the jurisdiction of the United States. Specifically, Plaintiff, Moses Hope, alleges that Defendants, David Strauss and Anthony Fernandez, while acting under color of the authority of the State of Florida as City of Hollywood Police officers, subjected him to a deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the constitutional right to be free of unreasonable seizures, and the due process right to a fair trial.

The constitutional right at issue is found in the Fourth and Fourteenth Amendments to the Constitution which provides:

> "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated..."

> "...nor shall any state deprive any person of life, liberty, or property, without due process of law..."

Specifically, the Plaintiff, Moses Hope, alleges that while Defendants, David Strauss and Anthony Fernandez, were acting under color of authority of the State of Florida as City of Hollywood police officers, they intentionally subjected him to the deprivation of rights and privileges protected and secured to him by the Constitution and laws of the United States, namely the constitutional right to be free from having false evidence planted or used against him in an effort to obtain a conviction.

You are instructed as a matter of law that under the Constitution of the United States every citizen has the constitutional right to be free from having false evidence planted or used in an effort to obtain a conviction.

You are further instructed that Section 1983 of Title 42 of the United States Code provides that any citizen may seek redress in this Court by way of damages against any person or persons who, under color of any state law or custom subjects such citizen to the deprivation of any rights, privileges or immunities secured or protected by the Constitution or law of the United States.

In order to prove his claim, therefore, the burden is upon the Plaintiff to establish by a preponderance of the evidence each of the following facts:

a. That Defendants, David Strauss and Anthony Fernandez, acting under color of authority of the State of Florida as City of Hollywood police officers, performed acts which operated to deprive the Plaintiff of one or more of his federal constitutional rights previously mentioned;

b. That Defendants, David Strauss and Anthony Fernandez, then and there acted under color of the authority of the State of Florida;

c. That the acts of the Defendants, David Strauss and Anthony Fernandez, were the proximate or legal cause of damages sustained by the Plaintiff.

On Plaintiff's claim that he was maliciously prosecuted, the issues for your determination are whether the Defendants, David Strauss and Anthony Fernandez, or any one of them, maliciously and without probable cause instituted or continued a criminal proceeding against the Plaintiff, Moses Hope, which was later determined in favor of the Plaintiff, Moses Hope.

One acts without probable cause in instituting or continuing a criminal proceeding against another if the circumstances are not sufficient to cause a reasonably cautious person to believe that the person accused is guilty of the offense charged.

One acts maliciously in instituting or continuing a criminal proceeding against another if he does so for the primary purpose of injuring the other, or recklessly and without regard for whether the proceeding is justified, or for any primary purpose except to bring an offender to justice. In determining whether the Defendants, David Strauss and Anthony Fernandez, or either one of them, acted maliciously, you may consider all the circumstances at the time of the conduct complained of, including any lack of probable cause to institute or continue the proceeding.

One is regarded as having instituted or continued the criminal proceeding against another if the proceeding resulted directly and in natural and continuance sequence from his actions, so that it reasonably can be said that but for his actions the proceeding would not have been instituted or continued.

One is not regarded has having instituted or continued a criminal proceeding against another if in good faith he made a full and fair disclosure of what he knew to the proper authority unless the decision to institute or continue the prosecution entirely for the judgment of the authority.

If the greater weight of the evidence does not support the claim of Plaintiff, Moses Hope, your verdict should be for the Defendants, David Strauss and Anthony Fernandez, or either one of

them. However, if the greater weight of the evidence does support the claim of the Plaintiff,

Moses Hope, your verdict should be for the Plaintiff, Moses Hope, as against the Defendants,

David Strauss and Anthony Fernandez, or either one of them.

## **PREJUDICE AND SYMPATHY**

Your verdict must be based on the evidence that has been received and the law on which I have instructed you. In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party.

If you find for the Defendants, you will not consider the matter of damages. But if you find for the Plaintiff, MOSES HOPE, you should determine and write on the verdict form, in dollars, the total amount of loss, injury or damage which the greater weight of the evidence shows he has sustained as a result of the incident complained of, including any such damages as he is reasonably certain to experience in the future. Damages must not be based on speculation because it is only actual damages, what the law calls compensatory damages, that are recoverable. Compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury, tangible and intangible. They are an attempt to restore the Plaintiff, that is, to make him whole as he was immediately prior to his injuries.

You shall consider the following element of damages, to the extent you find it is proven to the extent that you find them proved by a preponderance of the evidence and not others;

a. Any bodily injury sustained by the Plaintiff with any resulting pain and suffering, disability, mental anguish, and loss of capacity for the enjoyment of life, and any injury to reputation or health, and any shame, humiliation, mental anguish and hurt feelings, experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

b. Any earnings lost in the past and any loss of way to earn money in the future.

### DUTY TO DELIBERATE

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe the Plaintiff should, or should not, prevail in this case.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agrees thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans. You are judges -- judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Your verdict must be based upon the evidence that has been received and the law on which I have instructed you. In reaching your verdicts, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party.

## **VERDICT FORM**

Upon retiring to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. A verdict form has been prepared for your convenience.

[EXPLAIN VERDICT FORM]

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If, during your deliberations, you should desire to communicate with the Court, please reduce your message or question in writing signed by the foreperson, and pass the note to the Courtroom Marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.

Bear in mind also that you are never to reveal to any person - not even to the Court - how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict. As I have indicated to you then, you will take into the jury room three things: (1) the jury instructions; (2) the special verdict form; and (3) all exhibits that have been admitted.

## **NOMINAL DAMAGES**

On Plaintiff's claim that his civil rights were violated, if you find that no loss, injury, or damage has been proved, you should award the Plaintiff, Moses Hope, nominal damages. Nominal damages are damages of an inconsequential amount which are awarded when a wrong has been done but no actual damage is proved.